# E. V. LOMBARD v. P. H. RAHILLY.[1]

December 11, 1914.

Nos. 18,809—(79).

**Contract — plaintiff not entitled to directed verdict.**

1. In an action to recover upon a contract implied in fact for material and labor furnished, it is *held* that the evidence did not justify a direction of verdict in favor of the plaintiff. A "contract implied in fact" requires a meeting of the minds, an agreement just as much as an "express contract." The difference between the two is largely in the character of the evidence by which they are established.

**Same — pleading.**

2. In an action to recover upon such a contract, the making of it being denied, it is not necessary for the defendant to plead facts tending to show that the material and labor were furnished without expectation of pay and that the minds of the parties never met in an agreement.

Action in the district court for Wabasha county to recover $170.04 upon an implied contract. The facts are stated in the opinion. The case was tried before Snow, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion to vacate the verdict and for a new trial, he appealed. Reversed.

*Lawler & Mulally* and *John W. Murdock,* for appellant.

*Wesley Kinney* and *F. M. Wilson,* for respondent.

Dibell, C.

This is an action to recover for material and labor furnished the defendant in the repair of a heating plant and plumbing work in his house.

For the purposes of this appeal it is to be considered that on January 24, 1911, the plaintiff entered into a contract for the installation of a heating plant in the defendant's house and completed it in April, 1911. On January 3, 1912, the tank heater exploded and did certain damage for the repair of which substantially all of the

[1] Reported 149 N. W. 950.

127 M.—29.

work and material for which suit is now brought were furnished. The defendant makes two claims. One is that the plaintiff furnished the material and labor without any contract and without expectation of pay in repairing damage done by reason of the defective work under the original contract of January, 1911. The other is that his house was injured by the explosion and that the plaintiff is liable for the damage done, and for this he counterclaims. There was a verdict for the plaintiff for the full amount claimed and the defendant appeals from the order denying his motion for a new trial.

1. After the explosion the plaintiff went to the house of the defendant and made an examination. There was some communication by telephone between the house of the defendant and plaintiff's place of business. Just what this communication was does not very definitely appear. Because of it the plaintiff went to the defendant's house. He claims that he met the defendant there, and that they entered into an express contract for doing the work of repair but without an agreement as to price. The defendant claims that he did not see the plaintiff at all. That the plaintiff did repair work is not disputed. The court substantially instructed the jury that the plaintiff was entitled to recover the amount of his claim and that the verdict would depend upon the determination of the counterclaim for damages, which, according to defendant's claim, exceeded in amount the plaintiff's claim. In so instructing the jury the court proceeded upon the theory that there was an agreement to pay for the repair work necessarily implied. It disregarded the defendant's claim that the circumstances were such that the jury might infer that the work was done without expectation of pay and because of a defective performance of the original contract. A contract implied in fact requires a meeting of the minds, an agreement, just as much as an express contract. The difference between the two is largely in the character of the evidence by which they are established. It is sometimes said that a contract implied in fact is established by circumstantial evidence. The statement is often made that when the work is done by one on the property of another, with the knowledge of such other, a presumption of an agreement to pay is implied. This is well enough if it is understood that this presumption is one of fact, evidentiary

in nature, not necessarily controlling the determination of the issue being tried, and to be weighed with other circumstances of evidentiary force upon such issue. It is true that a situation may be such that the presumption is controlling and justifies the direction of a verdict. The question whether there is such a contract is usually to be determined by the jury as an inference of fact. See Keener, Quasi. Contracts, pp. 3–14, where the subject is discussed.

We have examined the evidence with care and we are of the view that the jury, if it chose to accept the version of the defendant, might conclude that the work done by the plaintiff in the repair of the heating plant and plumbing was done without expectation of pay; or, in other words, that the inference did not follow from the evidence as a matter of law that there was a contract. Therefore it was error to take the defendant's contention from the jury.

2. It is suggested by the plaintiff that the defendant did not plead that the work was done in performance of the old contract and without expectation of pay. Conceding, without holding, that there was no pleading to the effect stated, the result claimed by the plaintiff does not follow. In an action upon a contract, either express or implied in fact, it is for the plaintiff to prove the meeting of the minds. In doing this he may be aided by presumptions. To rebut it the defendant may show circumstances, without pleading them, tending to justify an inference that there was not a meeting of minds.

The general verdict for the plaintiff for the exact amount of his claim necessarily determined the defendant's counterclaim contrary to his contention. There should not be a new trial of the counterclaim. The new trial will be upon the cause of action alleged in the complaint.

Order reversed.